**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOY SINGH, Individually And On Behalf Of All Others Similarly Situated, | ) ) ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TRI-TECH HOLDING, INC.; WANZONG ZHAO a/k/a WARREN ZHAO; YUNXIANG FAN a/k/a PHIL FAN; GUANG CHENG a/k/a GAVIN CHENG; PENGYU DONG a/k/a PETER DONG; ERIC HANSON, PETER ZHOU, JOHN MCAULIFFE, PEIYAO ZHANG, DA-ZHUANG GUO, MING ZHU, DAVID HU, XIAOPING ZHOU, and ROBERT W. KRAFT, | ) ) ) ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) ) |

No: 13-CV-9031 (KMW)

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement (together with all Exhibits and Schedules thereto, the "Stipulation"), dated as of April 6, 2015, which is entered into by and among (i) the Lead Plaintiffs (as defined herein), on their own behalf and on behalf of the Settlement Class (as defined herein), and (ii) Tri-Tech Holding Inc. ("Tri-Tech" or the "Company"), by and through their undersigned attorneys, states all of the terms of the settlement and resolution of this matter by the Settling Parties (as defined herein) and is intended by the Settling Parties to fully and finally release, resolve, and discharge the Released Claims (as defined herein) against the Released Parties (as defined herein), subject to the approval of the United States District Court for the Southern District of New York (the "Court").

Throughout this Stipulation, all terms used with initial capitalization, but not immediately defined, shall have the meanings ascribed to them in Section 1 below.

**WHEREAS:**

**A.     The Action**

Beginning on December 20, 2013, after investigation, a putative class action lawsuit was filed in the Court against Tri-Tech and others, alleging violations of the Securities Exchange Act of 1934.

On March 13, 2014, the Court appointed the following shareholders as Lead Plaintiffs: the Tri-Tech Group and the Baker Group, comprised of Jason Baker, Don Allan, Jesper Enkeboelle, Walter Aerts, Dixie Hornby, Thomas Smith, and Rakesh Patel, and approved their selection of Lead Counsel, The Rosen Law Firm, P.A. and Gainey McKenna & Egleston, pursuant to the Private Securities Litigation Reform Act, as amended.

Plaintiffs' Counsel conducted a further extensive investigation regarding the claims asserted in the Action.  Following this investigation, on June 3, 2014, Lead Plaintiffs filed the Amended Complaint ("Amended Complaint").

On October 22, 2014 the parties participated in an all-day mediation with experienced mediator Jed D. Melnick of JAMS. The parties did not reach a settlement on that day. However, the parties continued to negotiate after the mediation.

Plaintiffs' Counsel conducted a further investigation as to what they believe to be new information that had been recently uncovered regarding the claims asserted in the Action. Following this investigation on February 17, 2015, Lead Plaintiffs filed the Second Amended Complaint (the "SAC").  The SAC asserts claims on behalf of a putative class of Persons (as defined herein) who purchased the common stock of Tri-Tech between September 10, 2009 and December 12, 2013, inclusive (the "Class Period").  The SAC alleges that the named Defendants (as defined herein) violated federal securities law, specifically Sections 10(b) and 20(a) of the

Securities Exchange Act of 1934.  Defendants indicated to Plaintiffs' Counsel their intention to make a motion to dismiss the SAC.

**B.      The Settlement**

Mediator Jed D. Melnick continued his efforts to help the parties reach a settlement and on February 20, 2015, Lead Plaintiffs and Tri-Tech reached an agreement in principle to settle the Action.

This Stipulation memorializes the agreement between the Parties to fully and finally settle the Action and to fully release all claims asserted against Tri-Tech and the Released Parties with prejudice in return for specified consideration.

**C.      Defendants' Denial Of Wrongdoing And Liability**

Throughout the course of the Action, Defendants have denied and continue to deny any and all allegations of wrongdoing, fault, liability or damage whatsoever asserted in the SAC. Defendants have also denied, *inter alia*, the allegations that Lead Plaintiffs or the Settlement Class have suffered damage or that Lead Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action.

Tri-Tech enters into this Stipulation to eliminate the uncertainties, burden and expense of further litigation.  Nothing in this Stipulation shall be construed as any admission by either any of the Defendants or any of the Released Parties of any wrongdoing, fault, liability, or damages whatsoever.

**D.      Claims of Lead Plaintiffs And Benefits Of Settlement**

Lead Plaintiffs believe that the claims asserted in the Action have merit.  Lead Plaintiffs, however, recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against Defendants through trial and appeals.  Lead Plaintiffs have also

taken into account the uncertain outcome and the risk of any litigation.  In particular, Lead

Plaintiffs have considered the Defendants' anticipated motion to dismiss, the challenges in

conducting discovery abroad and the risk in collecting any judgment against the Defendants.

Lead Plaintiffs have therefore determined that the Settlement set forth in this Stipulation is fair,

adequate, reasonable, and in the best interests of the Settlement Class.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and

among the Lead Plaintiffs, for themselves and on behalf of the Settlement Class, and Tri-Tech by

and through their respective undersigned counsel that, subject to the approval of the Court

pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits

flowing to the Settling Parties from the Settlement set forth herein, the Action and the Released

Claims as against the Released Parties shall be finally and fully compromised, settled and

released, the Action shall be dismissed with prejudice, and the Released Claims shall be finally

and fully released as against the Released Parties, upon and subject to the terms and conditions

of this Stipulation, as follows.

1.      **Definitions**

In addition to the terms defined above, the following capitalized terms, used in this

Stipulation, shall have the meanings specified below:

1.1.            "Action" means the putative class action captioned *Joy Singh v. Tri-Tech Holding Inc., et al.,* 13-CV-9031 (KMW)(S.D.N.Y.).

1.2.            "Administrative Costs" means all costs and expenses associated with

providing notice of the Settlement to the Settlement Class and otherwise administering or

carrying out the terms of the Settlement.  Such costs may include, without limitation: escrow

agent costs, the costs of publishing summary notice, and the costs of printing and mailing the full

Notice and Proof of Claim, as directed by the Court.  Such costs do not include legal fees.

1.3.        "Authorized Claimant" means any Settlement Class Member who is

a Claimant and whose claim for recovery has been allowed pursuant to the terms of this

Stipulation, the exhibits hereto, and any order of the Court.

1.4.        "Claimant" means any Settlement Class Member who files a Proof

of Claim in such form and manner, and within such time, as the Court shall prescribe.

1.5.        "Claims" means any and all manner of claims, demands, rights,

actions, potential actions, causes of action, liabilities, duties, damages, losses, diminutions in

value, obligations, agreements, suits, fees, attorneys' fees, expert or consulting fees, debts,

expenses, costs, sanctions, judgments, decrees, matters, issues and/or controversies of any kind

or nature whatsoever, whether known or unknown, contingent or absolute, liquidated or not

liquidated, accrued or unaccrued, suspected or unsuspected, disclosed or undisclosed, apparent or

not apparent, foreseen or unforeseen, matured or not matured, which now exist, or heretofore or

previously existed, or may hereafter exist, (including, but not limited to, any claims arising under

federal, state, common law, statute, rule, or regulation relating to alleged fraud, negligence,

fraudulent conveyance, avoidance, violations of the Securities Exchange Act of 1934, as

amended and rules promulgated thereunder, violations of other federal securities laws, or

otherwise), whether individual, class, direct, derivative, representative, on behalf of others, legal,

equitable, regulatory, governmental or of any other type or in any other capacity.

1.6.        "Claims Administrator" means Strategic Claims Services, which

shall administer the Settlement.

1.7.    "Defendants" means Tri-Tech Holding Inc., Wanzong (Warren) Zhao, Pengyu (Peter) Dong, Guang (Gavin) Cheng, Yunxiang (Phil) Fan, Eric Hanson, Peter Zhou, John McAuliffe, Peiyao Zhang, Da-Zhuang Guo, Ming Zhu, David Hu, Xiaoping Zhou, and Robert W. Kraft as identified in paragraphs 23 through 41 of the SAC (defined below).

1.8.    "Escrow Account" means an interest-bearing escrow account established by the Escrow Agent or their appointed agent.  The Escrow Account shall be managed by the Escrow Agent, subject to the Court's supervisory authority, for the benefit of Lead Plaintiffs and the Settlement Class in accordance with the terms of the Stipulation.

1.9.    The "Escrow Agent" is The Rosen Law Firm, P.A. and Gainey McKenna & Egleston or their appointed agent. The Escrow Agent shall perform the duties as set forth in this Stipulation.

1.10.    "Effective Date" means the first date by which all of the events and conditions specified in ¶ 10.3 of this Stipulation have been met and have occurred.

1.11.    "Final" when referring to the Final Judgment means exhaustion of all possible appeals, meaning (i) if no appeal or request for review is filed, the day after the date of expiration of any time for appeal or review of the Final Judgment, and (ii) if an appeal or request for review is filed, the day after the date the appeal or request for review is dismissed, or the Final Judgment is upheld on appeal or review in all material respects, and is not subject to further review on appeal or by certiorari or otherwise; provided, however, that any dispute or appeals relating solely to the amount, payment or allocation of attorneys' fees and expenses, the Plan of Allocation, or the provisions of ¶¶ 6.1 and 6.2 of this Stipulation shall have no effect on finality for purposes of determining the date on which the Final Judgment becomes Final.

1.12.    "Final Judgment" means the order and judgment to be entered by the Court approving the Settlement, materially in the form attached hereto as Exhibit B.

1.13.    "Individual Defendants" means Wanzong (Warren) Zhao, Pengyu (Peter) Dong, Guang (Gavin) Cheng, Yunxiang (Phil) Fan, Eric Hanson, Peter Zhou, John McAuliffe, Peiyao Zhang, Da-Zhuang Guo, Ming Zhu, David Hu, Xiaoping Zhou, and Robert W. Kraft.

1.14.    "Lead Plaintiffs" means Jason Baker, Don Allan, Jesper Enkeboelle, Walter Aerts, Dixie Hornby, Thomas Smith, and Rakesh Patel.

1.15.    "Notice" means the "Notice of Proposed Settlement of Class Action and Settlement Fairness Hearing, and Motion for Attorneys' Fees and Reimbursement of Expenses," which is to be sent to Settlement Class Members substantially in the form attached hereto as Exhibit A-1.

1.16.    "Opt-Out" means any one of, and "Opt-Outs" means all of, any Persons who otherwise would be Settlement Class Members and have timely and validly requested exclusion from the Settlement Class in accordance with the provisions of the Preliminary Approval Order and the Notice given pursuant thereto.

1.17.    "Person" means individual, corporation, fund, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

1.18.    "Plaintiffs' Counsel" means the law firms of The Rosen Law Firm, P.A. and Gainey McKenna & Egleston.

1.19.    "Plan of Allocation" means a plan or formula for allocating the Settlement Fund to Authorized Claimants after payment of Administrative Costs, Taxes and Tax Expenses, and such attorneys' fees, costs and expenses as may be awarded by the Court.  Any Plan of Allocation is not a condition to the effectiveness of this Stipulation, and the Released Parties shall have no responsibility or liability with respect thereto.

1.20.    "Preliminary Approval Order" means the proposed order preliminarily approving the Settlement and directing notice thereof to the Settlement Class substantially in the form attached hereto as Exhibit A.

1.21.    "Proof of Claim" means the Proof of Claim to be submitted by Claimants, substantially in the form attached as Exhibit A-2.

1.22.    "Released Claims" means any and all Claims, including Unknown Claims, that have been, could have been, or in the future can or might be asserted in any federal, state or foreign court, tribunal, forum or proceeding by on or behalf of any of the Releasing Parties against any one or more of the Released Parties, whether any such Released Parties were named, served with process, or appeared in the Action, which directly or indirectly arise out of or relate to (i) the subject matter of the Action or any of the claims asserted in the Action, (ii) the purchase or sale of Tri-Tech common stock by any of the Releasing Parties during the Class Period, and (iii) any claims in connection with, based upon, arising out of, or relating to the Settlement (but excluding any claims to enforce the terms of the Settlement).

1.23.    "Released Parties" means (i) Tri-Tech, its past, present and future, direct or indirect, parent entities, associates, affiliates, and subsidiaries, each and all of their respective past and present directors, officers, partners, alleged partners, stockholders, predecessors, successors and employees, and in their capacity as such, each and all of their

underwriters, attorneys, advisors, consultants, trustees, insurers, co-insurers, reinsurers, representatives, and assigns; (ii) each of the Individual Defendants, Wanzong (Warren) Zhao, Pengyu (Peter) Dong, Guang (Gavin) Cheng, Yunxiang (Phil) Fan, Eric Hanson, Peter Zhou, John McAuliffe, Peiyao Zhang, Da-Zhuang Guo, Ming Zhu, David Hu, Xiaoping Zhou, and Robert W. Kraft, and their respective present and past spouses and children; (iii) any and all persons, firms, trusts, corporations, and other entities in which any of the Defendants has a financial interest or was a founder, settler or creator of the entity, and, in their capacity as such, any and all officers, directors, employees, trustees, beneficiaries, settlers, creators, attorneys, consultants, agents, or representatives of any such person, firm, trust, corporation or other entity; and (iv) in their capacity as such, the legal representatives, heirs, executors, administrators, predecessors, successors, predecessors-in-interest, successors-in-interest, and assigns of any of the foregoing.

      **1.24.**      "Releasing Parties" means the Lead Plaintiffs, each and every member of the Settlement Class and each of their respective parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, heirs, representatives, administrators, executors, devisees, legatees, and estates.

      **1.25.**      "SAC" means the Second Amended Class Action Complaint filed by the Lead Plaintiffs on February 17, 2015.

      **1.26.**      "Settlement" means the settlement contemplated by this Stipulation.

      **1.27.**      "Settlement Amount" means the sum of $975,000 (nine hundred seventy-five thousand U.S. dollars).

      **1.28.**      "Settlement Class" means all Persons (including, without limitation, their beneficiaries) who purchased the common stock of Tri-Tech between September 10, 2009

and December 12, 2013, inclusive.  Excluded from the Settlement Class are (i) persons who suffered no compensable losses, *e.g.,* those who bought Tri-Tech common stock during the Class Period but sold prior to any alleged corrective disclosure; (ii) Opt-Outs; and (iii) Defendants and any entity in which the Defendants have a controlling interest, and the officers, directors, affiliates, legal representatives, immediate family members, heirs, successors, subsidiaries and/or assigns of any such individual or entity in their capacity as such.

      **1.29.**      "Settlement Class Member" means any one of, and "Settlement Class Members" means all of, the members of the Settlement Class.

      **1.30.**      "Settlement Hearing" means the hearing at or after which the Court will make a final decision pursuant to Rule 23 of the Federal Rules of Civil Procedure as to whether the Settlement contained in the Stipulation is fair, reasonable and adequate, and therefore, should receive final approval from the Court.

      **1.31.**      "Settling Party" means any one of, and "Settling Parties" means all of, the parties to the Stipulation, namely Tri-Tech and the Lead Plaintiffs on behalf of themselves and the Settlement Class.

      **1.32.**      "Unknown Claims" shall mean all claims, demands, rights, liabilities, and causes of action of every nature and description which any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Parties, or might have affected his, her or its decision not to opt-out or object to this Settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Lead Plaintiffs shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived, and by operation of the

Final Judgment shall have waived, the provisions, rights and benefits of California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Lead Plaintiffs shall expressly waive and each of the Settlement Class Members shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state, territory, foreign country or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542.  Lead Plaintiffs and/or one or more Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Lead Plaintiffs shall expressly fully, finally and forever settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, including, but not limited to, conduct which is negligent, intentional, or with or without malice.  The Lead Plaintiffs acknowledge, and the Settlement Class Members shall be deemed by operation of the Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

## 2.     The Settlement Consideration

   **2.1.**       In consideration for the promises and obligations contained herein and the full and final release, settlement and discharge of all Released Claims against the Released Parties, the Settling Parties have agreed that, subject to the terms of the Stipulation, Tri-

Tech shall pay or cause to be paid the Settlement Amount to be deposited into the Escrow

Account, under the control of the Escrow Agent, within twenty (20) business days of the

Preliminary Approval Order.  The funds transferred to the Escrow Account pursuant to this

paragraph, and any interest earned thereon, are referred to as the "Settlement Fund."

       **2.2.**      Under no circumstances will Tri-Tech be required to pay more than

the Settlement Amount pursuant to this Stipulation and the Settlement for any reason

whatsoever, including, without limitation, as compensation to any Settlement Class Member or

in payment of any fees or expenses incurred by any Settlement Class Member or Plaintiffs'

Counsel.

      **3.**      **Handling And Disbursement Of Funds By The Escrow Agent**

       **3.1.**      No monies will be disbursed from the Settlement Fund until after the

Effective Date except:

      **(a)**      As provided in ¶ 3.4 below;

      **(b)**      As provided in ¶ 10.9 below, if applicable; and

      **(c)**      To pay Taxes and Tax Expenses (as defined in ¶ 4.1 below) on the income

earned by the Settlement Fund.  Taxes and Tax Expenses shall be paid out of the Settlement

Fund and shall be considered to be a cost of administration of the Settlement and shall be timely

paid by the Escrow Agent without prior Order of the Court.

       **3.2.**      The Escrow Agent may invest any funds (other than security

interests in assets) deposited into the Settlement Fund in short term instruments backed by the

full faith and credit of the United States Government or fully insured by the United States

Government or an agency thereof, and may reinvest the proceeds of these instruments as they

mature in similar instruments at their then-current market rates.  Tri-Tech, its counsel,

Defendants and the Released Parties shall have no responsibility for, interest in, or any liability whatsoever with respect to any investment decision executed by the Escrow Agent.  The Settlement Fund shall bear all risks related to the investments of the Settlement Amount in accordance with the guidelines set forth in this paragraph.

   **3.3.**  The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation or by an order of the Court.

   **3.4.**  At any time after the Court grants preliminary approval of the Settlement, the Escrow Agent may, without further approval from Tri-Tech or the Court, disburse at the direction of Plaintiffs' Counsel up to $100,000.00 from the Settlement Fund prior to the Effective Date to pay the Administrative Costs.

 **4.**  **Taxes**

   **4.1.**  The Settling Parties agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1.  In addition, Plaintiffs' Counsel or its designee shall timely make such elections as necessary or advisable to carry out the provisions of this ¶ 4.1, including the "relation-back election" (as defined in Treasury Regulation § 1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of Plaintiffs' Counsel or its designee to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

   **(a)**  For purposes of § 468B of the Internal Revenue Code of 1986, as amended, and Treasury Regulation § 1.468B-2(k)(3) promulgated thereunder, the "administrator" shall be the Plaintiffs' Counsel or its designee.  Plaintiffs' Counsel or its

designee shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treasury Regulation § 1.468B-2(k)).  Such returns (as well as the election described in this ¶ 4.1) shall be consistent with this ¶ 4.1 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in this Stipulation.

        **(b)**      All Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon Tri-Tech or its counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"), and expenses and costs incurred in connection with the operation and implementation of this ¶ 4.1 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses or penalties relating to filing (or failing to file) the returns described in this ¶ 4.1) ("Tax Expenses"), shall be paid out of the Settlement Fund, as appropriate.  Tri-Tech and its counsel shall have no liability or responsibility for the Taxes or the Tax Expenses.  Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid out of the Settlement Fund without prior order from the Court.  The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be withheld under Treasury Regulation § 1.468B-2(1)(2)).  Tri-Tech, its counsel, Defendants, and the Released Parties shall have no responsibility for, interest in, or any liability

whatsoever with respect to the foregoing provided in this ¶ 4.1.  The Settling Parties agree to cooperate with each other, and their tax attorneys and accountants, to the extent reasonably necessary to carry out the provisions of this ¶ 4.1.

**5.      Preliminary Approval Order, Notice Order, And Settlement Hearing**

5.1.      Plaintiffs' Counsel shall submit this Stipulation and its exhibits to the Court and shall apply for preliminary approval of the Settlement set forth in this Stipulation, entry of a preliminary approval order, and approval for the mailing and dissemination of notice, and Proof of Claim, substantially in the form of Exhibits A, A-1, and A-2.  The mailed Notice (Exhibit A-1) shall include the general terms of the Settlement and the provisions of the Plan of Allocation, and shall set forth the procedure by which recipients of the Notice may object to the Settlement or the Plan of Allocation or request to be excluded from the Settlement Class.  The date and time of the Settlement Hearing shall be added to the Notice before it is mailed or otherwise provided to Settlement Class Members.

5.2.      To assist in dissemination of notice, Tri-Tech will cooperate in obtaining the names and contact information of the Settlement Class Members and their nominees or custodians.

5.3.      At the time of the submission described in ¶ 5.1 hereof, the Settling Parties, through their counsel, shall jointly request that, after the Notice is provided, the Court hold the Settlement Hearing and (i) approve the Settlement as set forth herein and (ii) enter judgment substantially in the form of Exhibit B hereto, as promptly after the Settlement Hearing as possible.

6.      **Releases And Covenants Not To Sue**

6.1.      Upon the Effective Date, as defined in ¶ 1.10 hereof, the Releasing Parties, on behalf of themselves, their successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, regardless of whether any such Releasing Party ever seeks or obtains by any means, including without limitation by submitting a Proof of Claim, any disbursement from the Settlement Fund, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties and shall have covenanted not to sue the Released Parties with respect to all such Released Claims, and shall be permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Claim, either directly, representatively, derivatively, or in any other capacity, against any of the Released Parties.  Nothing contained herein shall, however, bar the Releasing Parties from bringing any action or claim to enforce the terms of this Stipulation or the Final Judgment.

6.2.      Upon the Effective Date, as defined in ¶ 1.10 hereof, Defendants, on behalf of themselves, their heirs, executors, predecessors, successors and assigns, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Lead Plaintiffs, Settlement Class Members and Plaintiffs' Counsel from all Claims which arise out of, concern or relate to the institution, prosecution, settlement or dismissal of the Action (the "Defendants' Released Claims"), and shall be permanently enjoined from prosecuting the Defendants' Released Claims against the Lead Plaintiffs, Settlement Class Members and Plaintiffs' Counsel.  Nothing contained herein

shall, however, bar the Defendants or any Released Party from bringing any action or claim to enforce the terms of this Stipulation or the Final Judgment.

7. **Administration And Calculation Of Claims, Final Awards And Supervision And Distribution Of The Settlement Fund**

7.1.     Under the supervision of Plaintiffs' Counsel, acting on behalf of the Settlement Class, and subject to such supervision and direction of the Court as may be necessary or as circumstances may require, the Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund (as defined below) to Authorized Claimants.

7.2.     The Settlement Fund shall be applied as follows:

(a)     To pay the Taxes and Tax Expenses described in ¶ 4.1 above;

(b)     To pay Administrative Costs;

(c)     To pay Plaintiffs' Counsel's attorneys' fees and expenses (the "Fee and Expense Award"), to the extent allowed by the Court; and

(d)     To distribute the balance of the Settlement Fund, that is, the Settlement Fund less the items set forth in ¶ 7.2(a), (b), and (c) hereof (the "Net Settlement Fund"), to the Authorized Claimants as allowed by this Stipulation, the Plan of Allocation, or the Court.

7.3.     Upon and after the Effective Date, and in accordance with the terms of the Plan of Allocation or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants subject to and in accordance with the Plan of Allocation set forth in the Notice.  The Net Settlement Fund shall be distributed to Authorized Claimants by the Claims Administrator upon application to the Court by Plaintiffs' Counsel for a settlement class

distribution order only after all of the following having occurred: (i) the Effective Date; (ii) all claims have been processed, and all Claimants whose claims have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to be heard concerning such rejection or disallowance; (iii) all objections with respect to all rejected or disallowed claims have been resolved by the Court, and all appeals therefrom have been resolved or the time therefor has expired; (iv) all matters with respect to Attorneys' Fees and Expenses, costs, and disbursements have been resolved by the Court, and all appeals therefrom have been resolved or the time therefor has expired; and (v) all costs of administration have been paid.

      7.4.      This is not a claims-made settlement, and if all conditions of the Stipulation are satisfied and the Final Judgment becomes Final, no portion of the Settlement Fund will be returned to Tri-Tech.  Neither Defendants nor their counsel shall have any responsibility for, interest in, or liability whatsoever with respect to the investment or distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith.  No Person shall have any claims against Plaintiffs' Counsel, the Claims Administrator or any other agent designated by Plaintiffs' Counsel based on distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or orders of the Court.  Plaintiffs' Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Proofs of Claim filed, where doing so is in the interest of achieving substantial justice.

      7.5.      It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to

an Authorized Claimant's claim set forth therein, is not a condition of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation.  Any order or proceedings relating to the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to modify, terminate or cancel this Stipulation, or affect or delay the finality of the Final Judgment, or any other orders entered pursuant to this Stipulation.

    **7.6**  If any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be re-distributed, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such redistribution, to Settlement Class Members who have cashed their checks and who would receive at least $10.00 from such re-distribution. If any funds shall remain in the Net Settlement Fund six months after such re-distribution, then such balance shall be contributed to a non-sectarian charity or any not-for-profit successor of it chosen by Plaintiffs' Counsel.

    **8.**  **Plaintiffs' Counsel's Attorneys' Fees And Reimbursement Of Expenses**

    **8.1.**  Plaintiffs' Counsel may submit an application or applications (the "Fee and Expense Application") for distributions from the Settlement Fund to Plaintiffs' Counsel for (i) an award of attorneys' fees; (ii) reimbursement of actual costs and expenses, including the fees and expenses of experts and/or consultants, incurred in connection with prosecuting the Action; and (iii)  a case contribution award to Lead Plaintiffs.

8.2.    Except as otherwise provided in this paragraph, the attorneys' fees and expenses awarded by the District Court shall be paid to Plaintiffs' Counsel from the Settlement Fund within two (2) business days of the date the Court enters an order awarding such fees and expenses.  In the event that the Effective Date does not occur, or the Order and Final Judgment is reversed or modified in any way that affects the award of attorneys' fees and expenses, or the Stipulation is terminated for any other reason, then each plaintiffs' counsel receiving fees or expenses under this provision shall, within ten (10) business days from receiving notice from Tri-Tech's Counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund, either the full amount of the fees and expenses previously received by it pursuant to these provisions or an amount consistent with any modification of the Order and Final Judgment with respect to the fee and expense award.  Plaintiffs' Counsel and any other plaintiffs' counsel's law firm that receives fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph, and each shall be liable for repayment of all attorneys' fees and expenses awarded by the Court.

8.3.    The procedure for, and allowance or disallowance by the Court of, any application by Plaintiffs' Counsel for attorneys' fees, expenses, including the fees and expenses of experts and/or consultants, and/or case contribution awards for Lead Plaintiffs are not a condition of the Settlement set forth in this Stipulation and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation.  Any order of or proceedings relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification

thereof, shall not operate to modify, terminate or cancel this Stipulation, or affect or delay the finality of the Final Judgment or any other orders entered pursuant to this Stipulation.

8.4.     Any award of attorneys' fees and/or expenses and/or any case contribution award shall be paid solely from the Settlement Fund and shall reduce the settlement consideration paid to the Settlement Class accordingly.  The Released Parties shall have no responsibility for, and no liability whatsoever with respect to, any payments to Plaintiffs' Counsel or the Lead Plaintiffs and/or any other Person who receives payment from the Settlement Fund.

## 9.     Class Certification

9.1.     In the Final Judgment, the Settlement Class shall be certified for purposes of this Settlement, but in the event that the Final Judgment does not become Final or the Settlement fails to become effective for any reason, all Settling Parties reserve all their rights on all issues, including whether a class should be certified in the Action.  For settlement purposes only, in connection with the Final Judgment, Tri-Tech shall consent to (i) the appointment of Lead Plaintiffs as the class representatives, (ii) the appointment of Plaintiffs' Counsel as class counsel, and (iii) the certification of the Settlement Class pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

## 10.    Conditions Of Settlement, Effect of Disapproval, Cancellation Or Termination

10.1.    The Lead Plaintiffs, on behalf of the Settlement Class, and Tri-Tech shall each have the right to terminate the Settlement and Stipulation by providing written notice of his or its election to do so ("Termination Notice") to all other Settling Parties within fourteen (14) days of:

(i)      entry of a Court order declining to enter the Preliminary Approval Order in any material respect;

(ii)     entry of a Court order refusing to approve this Stipulation in any material respect;

(iii)    entry of a Court order declining to enter the Final Judgment in any material respect; or

(iv)     entry of an order by which the Final Judgment is modified or reversed in any material respect by the Court, the Court of Appeals or the United States Supreme Court.  In the absence of any of the events enumerated in the preceding sentence, no Party shall have the right to terminate the Agreement for any reason.

10.2.      If the Settlement Amount is not paid into the Escrow Account in accordance with paragraph 2.1 of this Stipulation, then the Lead Plaintiffs, on behalf of the Settlement Class, shall have the right to terminate the Settlement and Stipulation by providing written notice to Tri-Tech ("Failure to Fund Termination Notice") at any time prior to the Court's entry of the Final Judgment.  Defendants may not terminate this Settlement and Stipulation if the Settlement Amount is not paid into the Escrow Account in accordance with paragraph 2.1 of this Stipulation.

10.3.      The Effective Date of this Stipulation shall not occur unless and until each of the following events occurs and shall be the date upon which the last in time of the following events occurs:

(a)      The Court has entered the Preliminary Approval Order attached hereto as Exhibit A or an order containing materially the same terms;

**(b)**      The sum of $975,000 (Nine Hundred and Seventy-Five Thousand Dollars) has been paid into the Escrow Account, as set forth in paragraph 2.1;

**(c)**      The Court has approved the Settlement, following notice to the Settlement Class and the Settlement Hearing, and has entered the Final Judgment; and

**(d)**      The Final Judgment has become Final as defined in ¶ 1.11.

**10.4.**      Upon the occurrence of the Effective Date, any and all interest or right of Tri-Tech in or to the Settlement Fund, if any, shall be absolutely and forever extinguished, except as set forth in this Stipulation.

**10.5.**      If prior to final Court approval of the Settlement, (i) Persons who otherwise would be Settlement Class Members have filed with the Court valid and timely requests for exclusion from the Settlement Class in accordance with the provisions of the Preliminary Approval Order and the notice given pursuant thereto ("Opt-Outs"), and such Persons in the aggregate purchased stock during the Settlement Class Period in an amount greater than the amount specified in a separate Supplemental Agreement between the parties (the "Supplemental Agreement"), or (ii) Persons file lawsuits alleging fraud in connection with the purchase of more than the number of Tri-Tech shares specified in the Supplemental Agreement, then Tri-Tech shall have, in its sole and absolute discretion, the option to terminate this Stipulation and Settlement in strict accordance with the requirements and procedures set forth in the Supplemental Agreement (the "Supplemental Termination Option").  The Supplemental Agreement shall not be filed with the Court unless and until a dispute among the Settling Parties concerning its interpretation or application arises.

**10.6.**      If some or all of the conditions specified in 10.3 above are not met, or in the event that this Stipulation is not approved by the Court, or the Settlement set forth in

this Stipulation is terminated or fails to become effective in accordance with its terms, then this Stipulation shall be canceled and terminated, unless all of the Settling Parties agree in writing to proceed with this Stipulation.  None of the Settling Parties, or any of them, shall have any obligation whatsoever to proceed under any terms other than those provided for and agreed herein.  If any Settling Party engages in a material breach of the terms hereof, any other Settling Party, provided that it is in substantial compliance with the terms of this Stipulation, may terminate this Stipulation on notice to all the Settling Parties.

        **10.7.**        In the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, the Settling Parties shall be restored to their respective positions in the Action immediately prior to February 20, 2015, and they shall proceed in all respects as if the Stipulation had not been executed and the related orders had not been entered, and in that event all of their respective claims and defenses as to any issue in the Action shall be preserved without prejudice.

        **10.8.**        In the event that the Stipulation is not approved by the Court or the Settlement set forth in this Stipulation is terminated or fails to become effective in accordance with its terms, the terms and provisions of this Stipulation, except as otherwise provided herein, shall have no further force and effect with respect to the Settling Parties or Defendants and shall not be used in this Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

        **10.9.**        In the event the Stipulation shall be terminated, or be canceled, or shall not become effective for any reason, within seven (7) business days (except as otherwise provided in the Supplemental Agreement) after the occurrence of such event, the Settlement

Fund, less taxes and any Administrative Costs which have either been disbursed or are determined to be chargeable, shall be refunded by the Escrow Agent to Tri-Tech or its designee (pursuant to written instructions from counsel for Tri-Tech pursuant to this Stipulation).  At the request of counsel for Tri-Tech at Tri-Tech's expense, Plaintiffs' Counsel or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, pursuant to written direction from counsel for Tri-Tech.

   **10.10.**  No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation, ¶ 6.1 hereof, or the amount of any attorneys' fees, costs, expenses, and interest awarded by the Court to Plaintiffs' Counsel shall constitute grounds for cancellation or termination of the Stipulation.

   **11.**  **No Admission Of Liability**

   **11.1.**  The Settling Parties covenant and agree that neither this Stipulation, nor any terms of the Settlement, nor any communication relating thereto, nor the Supplemental Agreement, is evidence, or an admission or concession by any Settling Party or their counsel, any Settlement Class Member, or any of the Released Parties, of any fault, liability or wrongdoing whatsoever, as to any facts or claims alleged or asserted in the Action, or any other actions or proceedings, or as to the validity or merit of any of the claims or defenses alleged or asserted in any such action or proceeding.  This Stipulation is not a finding or evidence of the validity or invalidity of any claims or defenses in the Action, any wrongdoing by any Settling Party, Settlement Class Member, or any of the Released Parties, or any damages or injury to any Settling Party, Settlement Class Member, or any Released Parties.  Neither this Stipulation, nor the Supplemental Agreement, nor any of the terms and provisions of this Stipulation or the

Supplemental Agreement, nor any of the negotiations or proceedings in connection therewith, nor any of the documents or statements referred to herein or therein, nor the Settlement, nor the fact of the Settlement, nor the Settlement proceedings, nor any statement in connection therewith, (a) shall (i) be argued to be, used or construed as, offered or received in evidence as, or otherwise constitute an admission, concession, presumption, proof, evidence, or a finding of any, liability, fault, wrongdoing, injury or damages, or of any wrongful conduct, acts or omissions on the part of any Released Party, or of any infirmity of any defense, or of any damages to the Lead Plaintiffs or any other Settlement Class Member, or (ii) otherwise be used to create or give rise to any inference or presumption against any of the Released Parties concerning any fact or any purported liability, fault, or wrongdoing of the Released Parties or any injury or damages to any person or entity, or (b) shall otherwise be admissible, referred to or used in any proceeding of any nature, for any purpose whatsoever; provided, however, that the Stipulation or the Supplemental Agreement or the Final Judgment may be introduced in any proceeding, whether in the Court or otherwise, as may be necessary to argue and establish that the Stipulation or Supplemental Agreement or Final Judgment has *res judicata*, collateral estoppel, or other issue or claim preclusion effect or to otherwise consummate or enforce the Settlement or Supplemental Agreement or Final Judgment, or as otherwise required by law.

### 12. Miscellaneous Provisions

12.1.       Except in the event of the filing of a Termination Notice or Failure to Fund Termination Notice or termination notice in accordance with the parties' Supplemental Agreement, pursuant to Paragraphs 10.1, 10.2 or 10.5 of this Stipulation, the Settling Parties shall take all actions necessary to consummate this agreement; and (b) agree to cooperate with

each other to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation.

      **12.2.**      The Settling Parties and their counsel represent that they will not encourage or otherwise influence any Settlement Class Members to request exclusion from, or object to, the Settlement.

      **12.3.**      Each of the attorneys executing this Stipulation, any of its exhibits, or any related settlement documents on behalf of any Settling Party hereto hereby warrants and represents that he or she has been duly empowered and authorized to do so by the Settling Party he or she represents.

      **12.4.**      Lead Plaintiffs and Plaintiffs' Counsel represent and warrant that the Lead Plaintiffs are Settlement Class Members and none of the Lead Plaintiffs' claims or causes of action against one or more Defendants in the Action, or referred to in this Stipulation, or that could have been alleged against one or more Defendants in the Action, have been assigned, encumbered or in any manner transferred in whole or in part.

      **12.5.**      This Stipulation, together with the Supplemental Agreement, constitutes the entire agreement between the Settling Parties and supersedes any prior agreements.  No representations, warranties or inducements have been made to or relied upon by any Settling Party concerning this Stipulation, other than the representations, warranties and covenants expressly set forth herein and in the Supplemental Agreement.  Except as otherwise provided herein, each Settling Party shall bear its own costs.

      **12.6.**      This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Settling Parties or their counsel or their respective successors in interest.

**12.7.** This Stipulation shall be binding upon, and shall inure to the benefit of, the Settling Parties and their respective agents, successors, executors, heirs, and assigns.

**12.8.** The Released Parties who do not appear on the signature lines below, including but not limited to the Individual Defendants, are acknowledged and agreed to be third party beneficiaries of this Stipulation and Settlement and have the same rights to enforce this Stipulation and Settlement as the signatories hereto.

**12.9.** The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

**12.10.** This Stipulation may be executed in any number of counterparts by any of the signatories hereto and the transmission of an original signature page electronically (including by facsimile or portable document format) shall constitute valid execution of the Stipulation as if all signatories hereto had executed the same document.  Copies of this Stipulation executed in counterpart shall constitute one agreement.

**12.11.** This Stipulation, the Settlement, and any and all disputes arising out of or relating in any way to this Stipulation, whether in contract, tort or otherwise, shall be governed by and construed in accordance with the laws of the State of New York without regard to conflict of laws principles.

**12.12.** The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation.

**12.13.** The Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel

for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties, and all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

12.14.    All agreements by, between or among the Settling Parties, their counsel and their other advisors as to the confidentiality of information exchanged between or among them shall remain in full force and effect, and shall survive the execution and any termination of this Stipulation and the final consummation of the Settlement, if finally consummated, without regard to any of the conditions of the Settlement.

12.15.    The Settling Parties shall not assert or pursue any action, claim or rights that any party violated any provision of Rule 11 of the Federal Rules of Civil Procedure in connection with the Action, the Settlement, the Stipulation or the Supplemental Agreement.  The Settling Parties agree that the Action was resolved in good faith following arm's-length bargaining.

12.16.    Any failure by any of the Settling Parties to insist upon the strict performance by any other Settling Party of any of the provisions of the Stipulation shall not be deemed a waiver of any of the provisions hereof, and such Settling Party, notwithstanding such failure, shall have the right thereafter to insist upon the strict performance of any and all of the provisions of this Stipulation to be performed by the other Settling Parties to this Stipulation.

12.17.  The waiver, express or implied, by any Settling Party of any breach or default by any other Settling Party in the performance by such Settling Party of its obligations under the Stipulation shall not be deemed or construed to be a waiver of any other breach, whether prior, subsequent, or contemporaneous, under this Stipulation.

**IN WITNESS WHEREOF,** the Settling Parties have executed this Stipulation by their undersigned counsel effective as of the date set forth below.

Dated:  April 6, 2015

                        THE ROSEN LAW FIRM, P.A.

                        By: _____
                             Laurence M. Rosen
                             Phillip Kim
                             275 Madison Avenue, 34th Floor
                             New York, New York  10016
                             Tel: (212) 686-1060
                             Fax: (212) 202-3827

Dated:  April __, 2015

                        GAINEY McKENNA & EGLESTON

                        By: _____
                             Thomas J. McKenna
                             Gregory M. Egleston
                             440 Park Avenue South, 5th Floor
                             New York, New York 10016
                             Tel: (212) 983-1300
                             Fax: (212) 983 -0383

                           *Lead Counsel for Plaintiffs*

Dated:  April __, 2015

                        GREENBERG TRAURIG, LLP

                   By: _____
                             Stephen L. Saxl
                             200 Park Avenue, 39th Floor
                             New York, New York 10166
                             Tel: (212) 801-2184
                             Fax: (212) 801-6400

                           *Counsel for Defendant Tri-Tech Holding Inc.*

**IN WITNESS WHEREOF**, the Settling Parties have executed this Stipulation by their undersigned counsel effective as of the date set forth below.

Dated: April __, 2015

THE ROSEN LAW FIRM, P.A.

By: _____
Laurence M. Rosen
Phillip Kim
275 Madison Avenue, 34th Floor
New York, New York 10016
Tel: (212) 686-1060
Fax: (212) 202-3827

Dated: April 6, 2015

GAINEY McKENNA & EGLESTON

By: *Thomas J. McKenna*
Thomas J. McKenna
Gregory M. Egleston
440 Park Avenue South, 5th Floor
New York, New York 10016
Tel: (212) 983-1300
Fax: (212) 983-0383

*Lead Counsel for Plaintiffs*

Dated: April __, 2015

GREENBERG TRAURIG, LLP

By: _____
Stephen L. Saxl
200 Park Avenue, 39th Floor
New York, New York 10166
Tel: (212) 801-2184
Fax: (212) 801-6400

*Counsel for Defendant Tri-Tech Holding Inc.*

**IN WITNESS WHEREOF**, the Settling Parties have executed this Stipulation by their undersigned counsel effective as of the date set forth below.

Dated: April _, 2015

THE ROSEN LAW FIRM, P.A.

By: _____

Laurence M. Rosen
Phillip Kim
275 Madison Avenue, 34th Floor
New York, New York 10016
Tel: (212) 686-1060
Fax: (212) 202-3827

Dated: April __, 2015

GAINEY McKENNA & EGLESTON

By: _____

Thomas J. McKenna
Gregory M. Egleston
440 Park Avenue South, 5th Floor
New York, New York 10016
Tel: (212) 983-1300
Fax: (212) 983 -0383

*Lead Counsel for Plaintiffs*

Dated: April 6, 2015

GREENBERG TRAURIG, LLP

By: _____

Stephen L. Saxl
200 Park Avenue, 39th Floor
New York, New York 10166
Tel: (212) 801-2184
Fax: (212) 801-6400

*Counsel for Defendant Tri-Tech Holding Inc.*

30