UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

JOY SINGH, *Individually and On Behalf of All Others Similarly Situated*,

                Plaintiff,

                                                     13-CV-9031 (KMW)

      -against-                                    **ORDER**

TRI-TECH HOLDING, INC., et al.,

                Defendants.
---------------------------------------------------------------X

KIMBA M. WOOD, U.S.D.J.:

      On April 7, 2015, before commencing formal discovery, Lead Plaintiffs in this action filed an unopposed motion for preliminary certification of a settlement class and preliminary approval of a proposed settlement. To resolve that motion, the Court requires "complete and detailed information about the factors that indicate the value of the settlement." Manual for Complex Litigation (4th) § 21.631. Those factors include the "likelihood of success at trial," the scope of "damages and value of claims," the "cost of litigation," and each "defendant's ability to pay." *Id.* Although Lead Plaintiffs have provided useful information about some of those factors, the Court orders the parties to supplement the present record by filing a joint submission that answers the following questions:

1. What is the scope of the investigation that Lead Plaintiffs have conducted regarding the merits of this action? What types of information have they collected, and how is that information relevant to their claims?

2. What is the approximate likelihood that Lead Plaintiffs would prevail at trial?

3. What is the estimated cost of litigating this action through trial and any anticipated appeal?

1

4. By what method did Lead Plaintiffs calculate total class damages as $5.2 million? (*See* June 8, 2015 Ltr. at 1 [ECF No. 46]).

5. Lead Plaintiffs estimate that the proposed settlement represents 18.8% of total class damages. *Id.* How does that figure compare to the percentages of total damages recovered in settlements of similar securities class actions over the last ten years? *Cf.* Manual for Complex Litigation (4th) § 22.924 (emphasizing the importance of evaluating "the historic values of cases involving the same or similar claims and defenses").

6. Lead Plaintiffs claim that "Tri-Tech has very few assets to cover more than the share of the Settlement Amount that it is paying." (Pl. Mem. in Supp. of Proposed Settlement at 14 [ECF No. 45]).

    a. What proportion of the proposed settlement amount would Tri-Tech pay? What proportions of the settlement amount would the other defendants pay? How were those proportions determined?

    b. What is each defendant's ability to pay a judgment in this action? In particular, what assets does Tri-Tech possess that could "cover more than the share of the Settlement Amount that it is paying"?

7. Under the Private Securities Litigation Reform Act, "in any private action arising under this chapter in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the

misstatement or omission that is the basis for the action is disseminated to the market." 15 U.S.C. § 78u-4(e)(1).

   a. According to the proposed Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the 90-day period described in 15 U.S.C. § 78u-4(e)(1) began on April 16, 2014.  (Notice at 8 n.1 [ECF No. 43 Ex. 1]).  According to the Second Amended Complaint, however, the date of initial dissemination was December 12, 2013.  (Am. Complaint ¶¶ 13–14 [ECF No. 34]).  Should the 90-day period described in 15 U.S.C. § 78u-4(e)(1) begin on that date instead?

   b. If the 90-day period described in 15 U.S.C.A. § 78u-4(e)(1) in fact starts on December 12, 2013, what is the new mean trading price for the period?  How was that figure calculated, and how does it alter Lead Plaintiffs' estimate of total class damages?

8. The proposed plan of allocation limits the recognized loss per share to a maximum of (1) $1.11 for shares purchased between October 10, 2009 and December 11, 2013 and retained after December 12, 2013; (2) $0.17 for shares purchased between October 10, 2009 and December 11, 2013 and sold on December 12, 2013; and (3) $0.94 for shares purchased on December 12, 2013 and retained after December 12, 2013. (Notice at 7–8).

   a. Why does the proposed plan of allocation divide shares into those three categories?

   b. How were the distinct limits on recognized loss per share in each category calculated?

    c. It appears that no Lead Plaintiff owned shares in the second category described above — those purchased between October 10, 2009 and December 11, 2013 and sold on December 12, 2013.  (*See* Baker Group's List of Transactions [ECF No. 11 Ex. B]; Tri-Tech Group's List of Transactions [ECF No. 13 Ex. 3]).  In light of that fact, how do Lead Plaintiffs meet the typicality and adequacy requirements of Federal Rule of Civil Procedure 23(a)?

9. Should the date "October 10, 2009" be changed to "September 10, 2009" on pages 7–9 of the Notice?

10. Should the date "July 24, 2014" be changed to "July 14, 2014" on page 8 of the Notice?

11. Please provide time sheets for all work Lead Counsel has performed in connection with this action.

The parties should file their joint supplemental submission by June 26, 2015 at 5:00 pm. Pursuant to Federal Rule of Civil Procedure 23(e)(3), the parties should also identify "any agreement made in connection with the proposal" by that date.

SO ORDERED.

Dated: New York, New York
       June 9, 2015

                                      /s/
                                Kimba M. Wood
                        United States District Judge